The proces verbal of the probate of a will is void, if it does not state, " that the will was read in an audible and distinct voice to the witnesses and bystanders."

### JOHNSON vs. KIRKLAND.

APPEAL from the court of probates of the parish of Catahoula.

MATTHEWS, J. delivered the opinion of

the court.    In this  case the plaintiff claims,
as testamentary heir or  universal legatee of
his wife, an undivided portion of her father's
estate ; which  claim is resisted by the cura-
tor  of  that  succession :  and   the   probate
judge having decided in favor of the legatee,
the  present  appeal was  taken  in  behalf of
the  surviving  heirs  of  the  ancestor  of the
testatrix.

Two principal grounds of opposition  are
made  to  the  appellee's  right  to  recover :
1st.  That  the will  under  which  he  claims
was  not made in  pursuance of the formali-
ties  required  by  law.   2d.  That  its  pro-
bate was illegally made.

We will first investigate the last of these
objections :  for the provisions of a testament
cannot be carried into effect until its execu-
tion  is  regularly  ordered  by  a  court  of
probates.

The  code of practice,  under  which  the
will relied on  by the plaintiff in  the present
case  was attempted to be  proven,  is speci-
fic as to the matters which  must be contain-
ed in the process verbal of the probate of a
will.   One of these  is,  that  it  should  recite
the "reading of the will, in  an  audible and

West'n Dis't
October, 1826

JOHNSON
*vs.*
KIRKLAND.

distinct voice, to the witnesses and other persons present." Whether this be, or be not, a wise provision of law, is not for us to enquire : it is an expression of legislative will, which we, as judges, are bound to obey and cause to be enforced. The evidence of the probate of a will without such recitation in the process verbal, is not according to law, and is therefore void and of no effect against persons who have a right to oppose its execution, and who do make opposition, as is done in the present case    In consequence of this defect in the probate of the will of Mrs. Johnson, the testamentary executor and legatee cannot legally cause its dispositions to be carried into effect.

It is therefore ordered, adjudged and decreed, that the judgment of the court below be avoided, reversed and annulled : and it is further ordered, that there be judgment entered for the appellant, as in case of nonsuit, with costs in both courts.

*Thomas* for the plaintiff, *Scott* for the defendant.